**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60158-RBC |
| | ) | |
| DOBSON HOMES, INC., | ) | Chapter 7 |
| | ) | |
| Debtor.[1] | ) | |

**APPLICATION TO EMPLOY HIRSCHLER FLEISCHER, P.C.
AS COUNSEL TO CHAPTER 7 TRUSTEE**

Hannah W. Hutman, the duly-appointed chapter 7 trustee (the "**Trustee**") in the above-captioned case (the "**Bankruptcy Case**") hereby files this application (the "**Application**") for authority to employ the law firm of Hirschler Fleischer, P.C. ("**Hirschler**") as her counsel in the Bankruptcy pursuant to 11 U.S.C. §327(a).  In support of the Application, the Trustee respectfully states as follows:

1. On February 8, 2020, a Voluntary Petition under Chapter 7 of the Bankruptcy Code was filed in this Bankruptcy Case.  The undersigned is the duly appointed trustee for the bankruptcy estate of Dobson Homes, Inc., the debtor herein (the "**Debto**r").

2. The Trustee desires to employ Hirschler, whose address is: 2100 East Cary Street, Richmond, VA 23223-7078, as her special litigation counsel, because of Hirschler's expertise and experience in similar matters.  The Trustee believes that Hirschler is well-qualified to represent the Trustee in the matters set forth below.

3. Hirschler will render legal services to the Trustee as her special litigation counsel, as follows: (a) investigating potential fraudulent conveyance, preference and other avoidance actions and the recovery of same for the benefit of the estate, (b) investigating any claims the estate may have under applicable state law, (c) prosecuting such claims for the benefit of the estate, and (d) advising the Trustee.  In connection with the rendering of these services, Hirschler will perform, among other things, document review and analysis, legal research, drafting, filing, serving and defending a complaint or complaints, and representing the Trustee in all court proceedings and related matters.

4. For such services, Hirschler will charge a contingent fee in the amount of THIRTY-FIVE PERCENT (35%) OF ALL GROSS SUMS COLLECTED**,** plus reimbursement for all necessary expenses at cost; _provided_, _however_, that Hirschler shall only be allowed to

---

[1]  The principal address of the Debtor as of the petition date was P.O. Box 7181, Charlottesville, Virginia 22906, and the last four digits of the Debtor's federal tax identification number are 3301.

recover costs associated with a specific matter from gross sums collected in connection with such matter. If Hirschler collects no sums with respect to a certain matter, Hirschler agrees not to charge the estate for costs directly associated with such matter Hirschler will not earn any fees on assets collected by the Trustee without the assistance of Hirschler. Hirschler understands and agrees to keep detailed records of time and expenses.

5. At this juncture, Hirschler cannot reasonably predict the amount of fees and expenses reasonably estimated to perform the above services. As noted above, fees will be contingent, and the reimbursement of expenses will be limited to matters from which result in collections. No fees shall be paid to Hirschler except upon proper application to and approval by the Court. The Trustee has advised Hirschler of the potential limitations of compensation pursuant to 11 U.S.C. §328.

6. To the best of the Trustee's knowledge as of the date of this filing, the services to be provided by Hirschler should result in a NET return to the estate after the payment of liens, fees and costs.

7. The Trustee believes it is in the best interest of the estate to employ Hirschler to perform the services set forth herein on a contingent fee basis because of Hirschler's expertise in business, bankruptcy, and litigation matters.

8. The Trustee has read the verified statement of disinterestedness attached hereto as **Exhibit A** from Brittany B. Falabella, an associate of Hirschler, pursuant to F.R.B.P. 2014 and except as described below, to the best of the Trustee's knowledge neither Ms. Falabella nor Hirschler have any connections with the debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Hirschler represents Atlantic Union Bank in unrelated matters and will not take action adverse to Atlantic Union Bank in this matter. Mutual waivers of this potential conflict have been signed.

9. A true copy of this application was served on the U.S. Trustee. If immediate employment authorization is necessary the U.S. Trustee has waived the 14 day notice requirement by endorsement of the order below.

WHEREFORE, the Trustee prays for entry of an order substantially in the form attached hereto as **Exhibit B**, approving the employment of Hirschler with compensation and expenses to be paid as an administrative expense on a contingent basis consistent with the terms of this Application and in such amounts as this Court may hereinafter determine and allow.

Dated: April 4, 2023    /s/Hannah W. Hutman
Hannah W. Hutman, Trustee
Hoover Penrod
342 S. Main Street
Harrisonburg, VA 22801
Phone: 540-433-2444
E-mail: hhutman@hooverpenrod.com

## **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60158-RBD |
| | ) | |
| DOBSON HOMES, INC., | ) | Chapter 7 |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

### VERIFIED STATEMENT OF BRITTANY B. FALABELLA

1. I am an attorney authorized to practice under the laws of the Commonwealth of Virginia. I am an associate at the firm of HIRSCHLER FLEISCHER, P.C. ("**Hirschler**").

2. The Trustee has requested that Hirschler perform the professional services as set forth on the Trustee's application for employment of Hirschler as counsel on behalf of the estate. I am experienced and qualified in the matters for which I am to be employed as set forth in the Application.

3. Neither I nor Hirschler:

    a. is a creditor, an equity security holder or an insider of the debtor;
    b. is an investment banker for any outstanding security of the debtor;
    c. is or has been, within three years before the date of the filing of the petition in this case, an investment banker for securities of the debtor, or an attorney for an investment banker in connection with securities of the debtor;
    d. is or has been, within the two years before the date of the filing of the petition in this case, a director, officer, employee of the debtor or an investment banker specified in subparagraph b or c; or
    e. has any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph b or c, or for any other reason.

4. To the best of my knowledge, neither I nor Hirschler holds or represents any interest adverse to the interest of the estate. Neither I nor Hirschler has any connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except that Hirschler may represent other creditors and parties in interest in matters unrelated to the

---

[1] The principal address of the Debtor as of the petition date was P.O. Box 7181, Charlottesville, Virginia 22906, and the last four digits of the Debtor's federal tax identification number are 3301.

debtor, this case, or the Trustee, including Atlantic Union Bank, which Hirschler represents in unrelated matters.

5. Neither I nor Hirschler has shared or agreed to share and will not share or agree to share, any compensation paid to it with any other person except as provided by Bankruptcy Rule 2016. Neither I nor Hirschler has received a retainer in this case.

6. Hirschler shall be paid on a contingent fee basis and be reimbursed for its expenses as set forth in the Application. I understand that I must keep detailed records of time and expenses. Further, I am aware of the potential compensation limitations set forth in 11 U.S.C. §328.

DECLARED under penalty of perjury this 3rd day of April, 2023.

                                     */s/ Brittany B. Falabella*
                                     Brittany B. Falabella, Esquire
                                     HIRSCHLER FLEISCHER
                                     2100 East Cary Street
                                     Richmond, VA 23223-7078
                                     Phone:  804-771-9549
                                     Fax:   804-644-0957
                                     Email:   bfalabella@hirschlerlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify

(X) that a true and correct copy of the above application has been served on the U.S. Trustee, by electronic service on the 4th day of April, 2023, pursuant to Local Rule 2014-1.

( ) that timely service has been waived by the U.S. Trustee by endorsement of the below order as Seen and no Objection.

                             By:    /s/ Hannah W. Hutman
                                   Hannah W. Hutman, Trustee (Applicant)

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60158-RBD |
| | ) | |
| DOBSON HOMES, INC., | ) | Chapter 7 |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

## ORDER OF EMPLOYMENT

      This Court has considered the foregoing application to employ Hirschler Fleischer ("**Hirschler**") as counsel to the Chapter 7 Trustee and the verified statement of Brittany B. Falabella in support thereof.  It appears that Hirschler is disinterested; that all connections required to be disclosed, if any, have been disclosed; that no objection to said application has been sustained; and that the employment of Hirschler is in the best interest of this estate.  Therefore it is

      **ORDERED**, that the employment of Hirschler is hereby authorized under the terms and conditions set forth in said Application, with compensation and expenses to be paid in such amounts as may be allowed by this court upon proper application or applications submitted.  If the assets of the state are insufficient to pay administrative costs, including fees to professionals appointed by court order, interim payments on said fees may not be allowed if it cannot be shown that there is a reasonably likelihood that the estate will in the future generate sufficient cash to pay all administrative expenses in full; and

---

[1] The principal address of the Debtor as of the petition date was P.O. Box 7181, Charlottesville, Virginia 22906, and the last four digits of the Debtor's federal tax identification number are 3301.

**ORDERED** that any applicable 14 day stay is hereby waived.

Copies of this Order shall be served upon the Debtor, Counsel for the Debtor, and the United States Trustee.

*\*\*End of Order\*\**

I ask for this:

__/s/ Hannah W. Hutman_____
Hannah W. Hutman, Trustee
Hoover Penrod
342 S. Main Street
Harrisonburg, VA 22801
Phone: 540-433-2444
Email: hhutman@hooverpendord.com


Seen and no objection:

/s/_____
B. Webb King (VSB No. 47044)
W. Joel Charboneau (VSB No. 68025)
OFFICE OF THE UNITED STATES TRUSTEE
210 First Street, Suite 505
Roanoke, Virginia 24011
Phone:         540.798.8323
Facsimile:    540.857.2844
Email:         Webb.King@usdoj.gov
                   Joel.Charboneau@usdoj.gov


*Office of the United States Trustee*