## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-60158-RBC |
| | ) | |
| DOBSON HOMES, INC., | ) | Chapter 7 |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |
| | ) | |

### MOTION OF CHAPTER 7 TRUSTEE FOR (I) AUTHORITY TO ACCEPT A SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(A); (II) FINAL ALLOWANCE AND AUTHORIZATION OF PAYMENT OF COMPENSATION TO TRUSTEE'S COUNSEL; AND (III) RELATED RELIEF

Hannah W. Hutman, the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of Dobson Homes, Inc. (the "**Debtor**"), by counsel, files this *Motion of Chapter 7 Trustee for (I) Authority to Accept Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019(a); (II) Final Allowance and Authorization of Payment of Compensation to Trustee's Counsel; and (III) Related Relief* (the "**Motion**") seeking: (I) authorization for the Trustee to accept a settlement with Atlantic Union Bank ("**AUB**"), the terms of such settlement being set forth in the Motion and/or in the draft agreement attached to the Motion as **Exhibit A** (the "**Settlement**

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:     804.644.0957
E-mail:     rwestermann@hirschlerlaw.com
          bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Dobson Homes, Inc.*

**Agreement**") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"); (II) final allowance and authorization of payment of compensation from

the Settlement proceeds to the Trustee's special counsel, Hirschler Fleischer, P.C. ("**Hirschler**")

in the total amount of **$3,240.93** (there were no costs incurred in reaching the Settlement

Agreement); and (III) related relief, and in support states as follows:

## I.    JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.     The predicates for the relief requested herein are Sections 105(a), 327, and 330 of

Title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 9019.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

4.     On February 8, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition

for relief under Chapter 7 of the Bankruptcy Code, thereby commencing this bankruptcy case (the

"**Bankruptcy Case**").

5.     The Trustee was appointed to serve as Chapter 7 Trustee in this matter.

6.     On April 4, 2023, the Trustee filed an application to employ Hirschler as special

counsel [Docket No. 47] (the "**Application to Employ**") to pursue causes of action on a thirty-

five percent (35%) contingent fee basis as more fully set forth in the Application to Employ.

7.     On April 24, 2023, the Court granted the Application to Employ as set forth in the

*Order of Employment* [Docket No. 56] (the "**Employment Order**").

8.     The Trustee has begun her investigation of potential causes of actions and claims.

9.     Prior to making demand, AUB reached out to the Trustee to resolve its exposure

under sections 547 and 549 of the Bankruptcy Code (the "**Claims**"). Specifically, AUB received

a transfer in the amount of $3,848.00 (the "**Post-Petition Transfer**") after the Petition Date and received a total of $11,574.75 (the "**Preferential Transfers**") in payments within the ninety (90) day period prior to the Petition Date.

10.     To avoid the costs and risks of initiating an adversary proceeding and litigating the Claims, AUB and the Trustee (the "**Settling Parties**") came to terms on the settlement (the "**Settlement**") as described in this Motion and/or as memorialized in the Settlement Agreement, a draft of which is attached hereto as **Exhibit A**.

11.     Pursuant to the terms of the Settlement, and subject to the approval of the Bankruptcy Court, the Settlement provides for the payment by AUB of $13,107.80 (the "**Settlement Proceeds**"), consisting of return of the Post-Petition Transfer and eighty percent (80%) of the Preferential Transfers to the Bankruptcy Estate and mutual waivers between the Settling Parties.

### III.     RELIEF REQUESTED

12.     By this Motion, the Trustee respectfully requests the entry of the proposed Orders attached hereto as **Exhibit B** approving: (i) the Settlement; and (ii) granting the fee and expense requests of counsel for the Trustee in connection with the work conducted to obtain the Settlement.

### IV.     REQUEST FOR AUTHORITY TO ACCEPT SETTLEMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(A)

13.     The Supreme Court of the United States has noted that "[c]ompromises are 'normal parts of the process of reorganization.'" *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).  In *TMT Trailer*, the Supreme Court pronounced the "fair and equitable" test as the standard for approval of a compromise and settlement.  *See* 390 U.S. at 424; *see also Martin v. Kane* (*In re A&C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986).

14.     Applying the "fair and equitable" test, courts look at various factors and determine whether the compromise is in the best interest of the Estate and whether it is fair and equitable. These factors include:

    a.   The probability of success in litigation;

    b.   The potential difficulties if any in collection;

    c.   The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and

    d.   The paramount interests of the creditors.

*See In re Frye*, 216 B.R. 166, 174 (Bankr. E.D.Va. 1977); *see also In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); *Shaia v. Three Rivers Woods, Inc.* (*In re Three Rivers Wood, Inc.*), 2001 WL 720620 (Bankr. E.D. Va. 1995).

15.     Moreover, in the final analysis, the Court must determine whether the proposed Settlements are in the best interests of creditors and the Debtor's Estate. *See Matter of Energy Coop. Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate."). In determining whether to approve the proposed Settlements, however, the Court should not substitute its judgment for that of the Trustee. *See Matter of Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984). Instead, in determining whether to approve a proposed compromise, rather than conduct a mini-trial of the lawsuit, "[t]he Court's fundamental determination is '. . . whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Three Rivers Wood, Inc.*, 2001 WL 720620, at *6 (quoting *In re Austin*, 186 B.R. at 400). Where a proposed settlement is fair and reasonable and represents the best interests of the estate as a whole, it should gain approval. *See id.*

16.     The proposed Settlement meets the fair and equitable test.   In particular, the Settlement meet all four relevant factors mentioned above.

17.     First, although the Trustee believes that she would prevail, as with all litigation, there are substantial risks. The Trustee has reviewed the bank statements of the Debtor analyzed all angles of the claims at issue and determined that the Settlement was in the best interests of the Estate.

18.     Second, there would be some difficulties in the collection process because the Trustee would have to proceed with filing an adversary proceedings, engaging in discovery, motions practice, and obtaining a judgment against AUB.  Based on the information reviewed, the Trustee determined, in her business judgment, that the Settlement maximized value for the Estate.

19.      Third, the Settlement avoids the attendant costs, delay, and uncertainty of litigation based on the Trustee's analysis of the claims and the likelihood of success at trial.

20.     Fourth, the Trustee has determined in her sound business judgment that the Settlement is in the best interest of the Debtor's creditors and the Estate.  The Settlement eliminates the litigation risks associated with initiating and pursuing an adversary proceeding.  Thus, the Settlement benefits, and is in the best interests of, the Debtor's Estate and its creditors.

21.     Moreover, the Settlement was entered into in good faith and is the result of arms-length negotiations between the Trustee and AUB.

22.     As a result of the foregoing, the Settlement is fair and equitable, falls well within and exceeds the range of reasonableness, and satisfies the standards for approval under applicable law.   Thus, for the reasons detailed herein, approval of the Settlement is warranted under Bankruptcy Rule 9019.

23.    In addition, Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  As noted above, among other things, approval of the Settlement benefits the Estate and simultaneously eliminates risks and additional legal fees and expenses.  Therefore, approval of the Settlements is justified under Section 105 of the Bankruptcy Code.

### V.    REQUEST FOR INTERIM ALLOWANCE AND AUTHORIZATION OF PAYMENT OF COMPENSATION TO TRUSTEE'S SPECIAL COUNSEL

24.    The Trustee also requests, pursuant to Sections 327 and 330 of the Bankruptcy Code, final allowance and authorization of payment from the Settlement Proceeds of Hirschler's fees incurred in connection with the Settlement.  After analyzing the potential claims, Hirschler was able to recommend the Settlement to the Trustee that results in a benefit to the Estate.  The Settlement Proceeds are **$13,107.80** (the "**Settlement Amount**"), consisting of the return of the Post-Petition Transfer in the amount of $3,848.00 and the negotiated settlement of $9,259.80 (the "**Negotiated Amount**") related to the Preferential Transfers.  Pursuant to the terms of the Employment Order, Hirschler is entitled to receive 35% of the Negotiated Amount, plus reimbursement "for all necessary expenses."  Thirty-five percent of the Negotiated Amount due to Hirschler's efforts results in $3,240.93.  There were no costs incurred in reaching the Settlement Agreement.  Hirschler is thus entitled to receive and requests approval of a total compensation award of **$3,240.93** concerning its efforts with regard to the Settlement that is the  subject of this Motion.

25.    The list of professionals providing services to the Trustee and a reasonable estimate of the time spent representing the Trustee in this Case is as follows:

| Professional | Title | Time Expended (hours) |
|---|---|---|
| Brittany B. Falabella | Associate | 18.3 |
| Eliza J. Unrein | Associate | 9.8 |

26.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award Hirschler reasonable compensation for actual and necessary services performed in this case.  For the reasons stated in the Motion, the Trustee believes that the services performed by Hirschler were necessary to the administration of this Case, were performed at a cost and efficiency commensurate with the complexity, importance, and nature of the issues involved, and were undertaken by professionals whose rates are reasonable based upon the customary compensation charged by comparably skilled professionals in matters other than cases under this title.

## VI.   <u>CONCLUSION</u>

27.     **WHEREFORE**, the Trustee respectfully requests that the Court: (i) enter the proposed Orders substantially in the form annexed hereto as **<u>Exhibit B</u>** granting the relief requested herein; and (ii) grant to the Trustee such other and further relief as the Court may deem proper.

*[Remainder of Page Left Intentionally Blank]*

Dated: October 23, 2023

/s/ *Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-mail:        rwestermann@hirschlerlaw.com
               bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Dobson Homes, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then sent a notification of such filing to all counsel of record registered with the CM/ECF system. I further certify that on October 23, 2023, I sent a true and correct copy of the foregoing via electronic mail to the following parties:

**Atlantic Union Bank**
Attn: Corey Booker, Esq.
4300 Cox Road
Glen Allen, Virginia 23060
Corey.Booker@atlanticunionbank.com

**Joel Charboneau, Esq.**
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
Joel.Charboneau@usdoj.gov

/s/ *Brittany B. Falabella*
*Counsel for Hannah W. Hutman, Chapter 7 Trustee*
*for the Bankruptcy Estate of Dobson Homes, Inc.*

## **Exhibit A**

## **Settlement Agreement**

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (hereinafter the "**Agreement**") is made this 20th day of October, 2023, by and between Hannah W. Hutman, in her capacity as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Dobson Homes, Inc. (the "**Debtor**"), on the one hand, and the Atlantic Union Bank ("**AUB**"), on the other hand. The Trustee and AUB may be referred to hereinafter collectively as the "**Parties**," or each singularly as a "**Party**."

## RECITALS

### The Parties

On February 8, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief (Case Number 23-60158 or the "**Bankruptcy Case**") under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of Virginia (the "**Bankruptcy Court**");

**WHEREAS**, the Trustee was appointed as the Chapter 7 Trustee by the Office of the United States Trustee; and

**WHEREAS**, the Debtor's Bankruptcy Case is presently pending in the Bankruptcy Court;

### Background

**WHEREAS**, the Trustee was approached by AUB in an effort to resolve the claims under Chapter 5 of the Bankruptcy Code that the Trustee may have against AUB;

**WHEREAS**, the Trustee determined that AUB received a transfer in the amount of $3,848.00 (the "**Post-Petition Transfer**") after the Petition Date and received a total of $11,574.75 (the "**Preferential Transfers**" and together with the Post-Petition Transfer, the "**Transfers**") in payments within the ninety (90) day period prior to the Petition Date;

WHEREAS, on or about April 7, 2023, AUB wired the Trustee $3,848.00 representing the Post-Petition Transfers;

**WHEREAS**, the Trustee alleges that the Transfers are avoidable (the "**Claims**"); and

**WHEREAS**, AUB denies liability for the Claims asserted by the Trustee.

### The Settlement Negotiations

**WHEREAS**, the Trustee and AUB desire to fully resolve and settle the Claims on the terms set forth herein; and

**WHEREAS**, the Trustee and AUB have negotiated and reached this Agreement in good faith.

## THE AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein and the payment of certain sums provided herein by AUB to the Trustee, which the Trustee and AUB agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, it is hereby agreed by the Parties as follows:

1.      Settlement Payment:  AUB shall pay to the Trustee the total sum of **$9,259.80** (the "**Payment**") in full satisfaction of the Claims. The Payment is to be made within thirty (30) days after the Bankruptcy Court enters a final order approving this Agreement and authorizing the Trustee to accept the terms of this Agreement.

2.      Release by Trustee: Upon receipt by the Trustee and honoring of the Payment, the Trustee, on behalf of the Estate, shall release and forever discharge AUB and AUB's, past, present, or future affiliates, subsidiaries, parent companies, agents, directors, officers, consultants, employees, legal counsel, representatives of any kind, successors, and assigns (collectively, "**AUB's Released Affiliates**") from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Debtor and/or the Trustee made, could have made, or is able to make against AUB and/or AUB's Released Affiliates for the recovery of the Transfers solely as they relate to the Claims. For the avoidance of doubt, nothing herein shall be deemed a waiver of any rights or remedies the Trustee may have against any other person or entity, other than AUB and/or AUB's Released Affiliates identified herein, in current or future adversary proceedings filed in connection with the Bankruptcy Case.

3.      Release by AUB: Upon counter execution of this Agreement, AUB hereby releases and forever discharges (i) the Trustee, (ii) the Estate, and (iii) any agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Estate and/or the Trustee (collectively, the "**Trustee's Released Affiliates**") from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that AUB made, could have made, or is able to make against the Trustee, the Estate, and/or the Trustee's Released Affiliates with respect to the Claims, including, but not limited to, any claim against the Estate for the Payment amount that AUB could claim under Section 502(h) of the Bankruptcy Code. For the avoidance of doubt, nothing herein shall be deemed a waiver of any rights or remedies AUB may have against other persons or entities, other than those expressly released in this paragraph.

4.      Predecessors, Successors, and Assigns: All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

5.      <u>Understanding and Counsel</u>: The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been (or had the opportunity to be) represented by counsel with respect to this Agreement and all matters covered by and relating to it, (iii) they have entered into this Agreement for reasons of their own and not based upon representations of any other party hereto, and (iv) they have full authority and the right to grant the releases expressed herein and to bind the Parties in all respects to this Agreement.

6.      <u>Legal Fees and Costs</u>: Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the Claims and this Agreement.

7.      <u>Entire Agreement</u>: This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

8.      <u>Amendments</u>: This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

9.      <u>Headings</u>: All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

10.      <u>Construction</u>: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity, which by law is treated as or has the rights of a natural person.

11.      <u>Waiver and Modification</u>: The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

12.      <u>Counterparts and Facsimile Signatures</u>: This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties. This Agreement may be executed by facsimile or PDF copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

13.      <u>Further Necessary Actions</u>: To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

14.      <u>Applicable Law</u>: . This Agreement shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

15.      <u>Court Approval</u>:  This Agreement and the rights and obligations of the Parties hereto are subject to the final approval of the Bankruptcy Court.  Upon receipt of the executed

Agreement, the Trustee shall promptly seek the final approval of the Agreement by the Bankruptcy Court. The order approving the Agreement (the "**Approved Order**") shall contain express provisions giving the releases set forth in this Agreement, and binding the Estate, the Debtor, and all creditors and parties in interest in the Bankruptcy Case.

   **IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement under seal on the day and year set forth above.

**THE BANKRUPTCY ESTATE OF DOBSON HOMES, INC.**

By: _____  Dated: _10/20/23_____

Name: Hannah W. Hutman

Title: Chapter 7 Trustee of the Bankruptcy Estate of Dobson Homes, Inc.

**ATLANTIC UNION BANK**

_____  Dated: _____

Name: Raymond W. Santelli

Its:  Senior Vice President, Manager of Special Assets

Agreement, the Trustee shall promptly seek the final approval of the Agreement by the Bankruptcy Court. The order approving the Agreement (the "**Approved Order**") shall contain express provisions giving the releases set forth in this Agreement, and binding the Estate, the Debtor, and all creditors and parties in interest in the Bankruptcy Case.

   **IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement under seal on the day and year set forth above.

**THE BANKRUPTCY ESTATE OF DOBSON HOMES, INC.**

Dated: _____

By: _____

Name: Hannah W. Hutman

Title: Chapter 7 Trustee of the Bankruptcy Estate of Dobson Homes, Inc.

**ATLANTIC UNION BANK**

_____

Dated: _October 20, 2023_____

Name: Raymond W. Santelli

Its: Senior Vice President, Manager of Special Assets

**<u>Exhibit B</u>**

**<u>Proposed Orders</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | Case No. 23-60158-RBC |
| | ) | |
| DOBSON HOMES, INC., | ) | Chapter 7 |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR (I) AUTHORITY
TO ACCEPT SETTLEMENT PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019(A); AND (II) RELATED RELIEF**

In consideration of the *Motion of Chapter 7 Trustee for (I) Authority to Accept a Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019(a); (II) Final Allowance and Authorization of Payment of Compensation to Trustee's Counsel; and (III) Related Relief* (the "**Motion**") [Docket No. __ ] seeking, *inter alia*, (I) authorization for the Trustee[1] to accept a

---

[1] All capitalized terms not defined herein shall be given their respective meanings as ascribed to them in the Motion.

Settlement with the Settling Parties as defined in the Motion, the terms of such Settlement being included in the Motion and/or set forth in the agreements attached to the Motion as <u>Exhibit A</u> (the "**Settlement Agreement**") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (II) related relief.  Based on the representations of the Trustee made in the Motion and the statements of counsel for the Trustee, AUB, and on the Court's judicial notice of matters contained in the record of this Case, the Court finds and concludes that the Settlement Agreement is fair, reasonable, and in the best interest of the Bankruptcy Estate.  No further notice is required.

Based on the foregoing findings of fact and conclusions of law, and for good and sufficient cause shown; **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED THAT:**

1.      The Motion is **GRANTED** pursuant to the terms of this Order.

2.      The Trustee is hereby authorized, but not directed, to accept the Settlement according to the terms set forth in the Motion and the Settlement Agreement as attached as <u>Exhibit A</u> to the Motion.

3.      The Settling Parties are hereby authorized and directed to take all other actions necessary to fulfill their respective obligations under the Settlement.

4.      The provisions of the Settlement Agreement, including without limitation the releases, shall become effective as provided in and in accordance with the Settlement Agreement, and all such provisions shall be binding upon the Debtor, the Trustee, the Settling Parties, the released parties as defined in the Settlement Agreement, the Estate, and all creditors and parties in interest in this Bankruptcy Case.

5.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order and the Settlement and/or Settlement Agreement.

***End of Order***

**I ASK FOR THIS:**

/s/ *Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:     804.644.0957
E-mail:        rwestermann@hirschlerlaw.com
               bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Dobson Homes, Inc.*

**SEEN AND AGREED:**

/s/ *DRAFT*
W. Joel Charboneau (VSB No. 68025)
OFFICE OF THE UNITED STATES TRUSTEE
210 First Street, Suite 505
Roanoke, Virginia 24011
Phone:         540.798.8323
Facsimile:     540.857.2844
Email:         Joel.Charboneau@usdoj.gov

*Office of the United States Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | **Case No. 23-60158-RBC** |
| **DOBSON HOMES, INC.,** | ) ) | **Chapter 7** |
| Debtor.[1] | ) ) ) | |

**ORDER GRANTING FINAL ALLOWANCE AND AUTHORIZATION**
**OF PAYMENT OF COMPENSATION TO TRUSTEE'S COUNSEL**

In consideration of the *Motion of Chapter 7 Trustee for (I) Authority to Accept a Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019(a); (II) Final Allowance and Authorization of Payment of Compensation to Trustee's Counsel; and (III) Related Relief* (the

"**Motion**")[2] [Docket No. __ ] seeking, *inter alia*, interim allowance and authorization of payment of compensation from the Settlement Proceeds to the Trustee's special counsel, Hirschler Fleischer, P.C. ("**Hirschler**") in the total amount of **$3,240.93** (there were no costs incurred in reaching the Settlement Agreement).   Based on the representations of the Trustee made in the Motion and on the Court's judicial notice of matters contained in the record of this Case, the Court finds and concludes that (i) proper notice of the Application has been provided to all necessary parties and no further notice is required; (ii) no objections to the Application have been filed, or if filed, have been resolved, overruled, and/or withdrawn; (iii) the request for compensation and reimbursement of expenses as allowed herein is reasonable and appropriate under the circumstances; (iv) good and sufficient cause exist to grant the Application; and (v) the Application having satisfied the requirements of sections 330 and 331 of the Bankruptcy Code.

Based on the foregoing findings of fact and conclusions of law, and for good and sufficient cause shown; **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED THAT:**

7.      The Motion is **GRANTED** pursuant to the terms of this Order.

8.      Compensation to Hirschler in the amount of **$3,240.93** for fees incurred in connection with the Settlement is allowed in its entirety on an interim and final basis.

9.      The Trustee is authorized to pay to Hirschler from the proceeds associated with the Settlement the amount of **$3,240.93** for fees incurred in connection with the Settlement.

10.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived.

---

[2] All capitalized terms not defined herein shall be given their respective meanings as ascribed to them in the Motion.

11.    This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the interpretation and/or implementation of this Order and the Settlements and/or

Settlement Agreements.

**\*\*End of Order\*\***

**I ASK FOR THIS:**

  /s/ *Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:     804.644.0957
E-mail:        rwestermann@hirschlerlaw.com
               bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Sybil Elaine Baker*

**SEEN AND AGREED:**

  /s/ *DRAFT*
W. Joel Charboneau (VSB No. 68025)
OFFICE OF THE UNITED STATES TRUSTEE
210 First Street, Suite 505
Roanoke, Virginia 24011
Phone:         540.798.8323
Facsimile:     540.857.2844
Email:         Joel.Charboneau@usdoj.gov

*Office of the United States Trustee*