**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 7** |
| Dobson Homes, Inc., ) | **Case No. 23-60158-RBC** |
| ) | |
| Debtor.[1] ) | |

### SUPPLEMENTAL BANKRUPTCY RULE 2016(B) STATEMENT

The undersigned, pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, states that:

1. The undersigned and the law firm of Woods Rogers Vandeventer Black PLC ("WRVB") are the attorneys for the Debtor in this case.

2. The compensation paid or agreed to be paid by the Debtor to the undersigned is:

   a. For legal services rendered or to be rendered in contemplation of and in connection with this case: WRVB shall be paid hourly as follows: $525/hr for Michael Hastings; $350/hr for Justin Simmons; and $250/hr for Timothy Lovett, all in accordance with the Engagement Letter dated February 4, 2023, a copy of which was attached as Exhibit A to the Bankruptcy Rule 2016(B) Statement filed by WRVB at ECF No. 12.

   b. Prior to the filing of this statement, WRVB received two wire transfers into its trust account: (i) a wire transfer in the amount of $5,000 from the Debtor for pre-payment of representation of the debtor in prepetition state court litigation and related services; and (ii) a wire transfer in the amount of

---

[1] The principal address of the Debtor as of the petition date was P.O. Box 7181, Charlottesville, Virginia 22906, and the last four digits of the Debtor's federal tax identification number are 3301.

        $50,000 from Samuel D. Craig, III ("Mr. Craig"), an individual unaffiliated with the Debtor other than a personal friendship and employment relationship with Tommy D. Dobson, an owner of the Debtor, as a retainer for the payment of WRVB's fees and costs incurred in the representation of the Debtor in the bankruptcy case (the "Retainer"). The Retainer is not property of the Debtor's estate. WRVB and Mr. Craig are parties to a Joinder and Guaranty Agreement with Mr. Craig detailing the terms by which Mr. Craig would ensure payment of WRVB's fees and costs. Prior to the filing of the petition, WRVB applied $21,865.00 from its trust account to pay in full all the fees and costs incurred for the prepetition services performed for the Debtor, including the filing fee for the bankruptcy case.

    c.    Debtor's post-petition fees and expenses have exceeded the amount of the Retainer, and the Debtor has required extensive services that exceeded the services projected by the Debtor and WRVB; therefore, Mr. Craig has executed a Supplement to Joinder and Guaranty Agreement, attached as **Exhibit A**. As of October 31, 2023, the aggregate outstanding legal fees and expenses incurred by the Debtor is $24,545.48.

    3.    The Services rendered or to be rendered are described in detail in the Engagement Letter.

4.   The undersigned has received no transfer, assignment, or pledge of property from Debtor except the following for the value stated: only prepetition funds noted in paragraph 2(b) above.

5.   The undersigned has not shared or agreed to share any compensation paid or to be paid with any other entity.

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to WRVB for representation of the Debtor in this bankruptcy proceeding.

Dated: November 28, 2023                              Respectfully submitted,

/s/ Michael E. Hastings
Michael E. Hastings, Esq. (VSB# 36090)
Woods Rogers Vandeventer Black PLC
10 S. Jefferson St., Ste. 1800
Roanoke, VA 24011
P: (540) 983-7600
F: (540) 322-3417
michael.hastings@wrvblaw.com

*Counsel for Debtor*

# EXHIBIT A

## SUPPLEMENT TO JOINDER AND GUARANTY AGREEMENT

WHEREAS, Samuel D. Craig, III ("Guarantor") executed that certain Joinder and Guaranty Agreement on February 6, 2023 (the "Original Agreement"), agreeing to guarantee up to the amount of $50,000 of the legal fees and expenses incurred by Woods Rogers Vandeventer Black PLC ("Attorney") in connection with the chapter 7 bankruptcy filing of Dobson Homes, Inc. ("Client") in the United States Bankruptcy Court for the Western District of Virginia;

WHEREAS, due to unforeseen circumstances arising in the Client's bankruptcy case and in the bankruptcy case of Tommy Dobson and Christine Dobson, the fees and expenses incurred by the Client exceeded expectations (the "Unexpected Expenses"); and

WHEREAS, Attorney has disclosed to Client and Guarantor that Attorney is not permitted by applicable bankruptcy law to be paid for the Unexpected Expenses by Client or its bankruptcy estate; and

WHEREAS, Attorney is expected to be requested to provide additional services in connection with the liquidation of Client's assets by the Chapter 7 Trustee.

NOW, THEREFORE, FOR AND IN CONSIDERATION OF Attorney's performance and future performance of legal services on behalf of Client, Guarantor hereby supplements the joins and guarantees, pursuant to this Supplement to Joinder and Guaranty Agreement (the "Supplemental Agreement"), to pay Attorney in full any indebtedness now or hereafter owing to the Attorney arising out of services to the Client provided for by the terms of the Engagement Agreement.

Attorney does not require a deposit, and Guarantor agrees to pay Attorney in reasonable intervals upon request from Attorney, and Attorney agrees that this Supplemental Agreement may be terminated by Guarantor at any time upon written notice to Attorney.

The Guarantor further understands and agrees:

> 1. His liability under the Original Agreement and this Supplemental Agreement does not create an attorney-client relationship between Attorney and the Guarantor.
>
> 2. Execution of this Supplemental Agreement does not entitle Guarantor to control of or any influence on the bankruptcy case, litigation or other legal services or proceedings involving the Client's Case.
>
> 3. The Guarantor is not entitled to inspection of Attorney's files or information concerning the Client's Case.
>
> 4. Any payments under this Supplemental Agreement are or will be a gift from Guarantor to the Client without obligation of repayment of any kind.
>
> 5. The Attorney will act and rely upon this Supplemental Agreement in extension of future services to the Client.

This Supplemental Agreement shall be immediately binding upon the Guarantor and shall continue in full force and effect for the duration of the Client's Case.

_____        11.22.23
Samuel D. Craig, III                                    Date