

**SIGNED THIS 28th day of November, 2023**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| In re: | )<br>)<br>) Case No. 23-60158-RBC<br>)<br>DOBSON HOMES, INC., ) Chapter 7<br>)<br>Debtor.¹ )<br>) |

### ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR (I) AUTHORITY TO ACCEPT SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(A); AND (II) RELATED RELIEF

In consideration of the *Motion of Chapter 7 Trustee for (I) Authority to Accept a Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019(a); (II) Final Allowance and Authorization of Payment of Compensation to Trustee's Counsel; and (III) Related Relief* (the "**Motion**") [Docket No. 71] seeking, *inter alia*, (I) authorization for the Trustee¹ to accept a

---

¹ All capitalized terms not defined herein shall be given their respective meanings as ascribed to them in the Motion.

Settlement with the Settling Parties as defined in the Motion, the terms of such Settlement being included in the Motion and/or set forth in the agreements attached to the Motion as Exhibit A (the "**Settlement Agreement**") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (II) related relief.  Based on the representations of the Trustee made in the Motion and the statements of counsel for the Trustee, AUB, and on the Court's judicial notice of matters contained in the record of this Case, the Court finds and concludes that the Settlement Agreement is fair, reasonable, and in the best interest of the Bankruptcy Estate.  No further notice is required.

Based on the foregoing findings of fact and conclusions of law, and for good and sufficient cause shown; **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED THAT:**

1. The Motion is **GRANTED** pursuant to the terms of this Order.

2. The Trustee is hereby authorized, but not directed, to accept the Settlement according to the terms set forth in the Motion and the Settlement Agreement as attached as Exhibit A to the Motion.

3. The Settling Parties are hereby authorized and directed to take all other actions necessary to fulfill their respective obligations under the Settlement.

4. The provisions of the Settlement Agreement, including without limitation the releases, shall become effective as provided in and in accordance with the Settlement Agreement, and all such provisions shall be binding upon the Debtor, the Trustee, the Settling Parties, the released parties as defined in the Settlement Agreement, the Estate, and all creditors and parties in interest in this Bankruptcy Case.

5. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order and the Settlement and/or Settlement Agreement.

***End of Order***

**I ASK FOR THIS:**

/s/ *Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone: 804.771.9500
Facsimile: 804.644.0957
E-mail: rwestermann@hirschlerlaw.com
bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Dobson Homes, Inc.*

**SEEN AND AGREED:**

/s/ *W. Joel Charboneau* (with permission)
W. Joel Charboneau (VSB No. 68025)
OFFICE OF THE UNITED STATES TRUSTEE
210 First Street, Suite 505
Roanoke, Virginia 24011
Phone: 540.798.8323
Facsimile: 540.857.2844
Email: Joel.Charboneau@usdoj.gov

*Office of the United States Trustee*