**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **DOBSON HOMES, INC.,** | ) | Case No. 23-60158-RBC |
| | ) | |
| Debtor.[1] | ) | Chapter 7 |
| | ) | |

**TRUSTEE'S MOTION FOR (I) AUTHORITY TO SELL EQUIPMENT
AT A PRIVATE SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS,
AND INTERESTS PURSUANT TO 11 U.S.C. § 363 AND BANKRUPTCY RULE
6004; (II) AUTHORITY RELATED TO CLOSING; (III) FINAL ALLOWANCE AND
AUTHORIZATION OF PAYMENT OF COMPENSATION TO TRUSTEE'S COUNSEL;
AND (IV) RELATED RELIEF**

Hannah W. Hutman, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Dobson Homes, Inc. (the "**Debtor**"), by her undersigned counsel, hereby moves (the "**Motion**") the Court to (i) grant the Trustee authority to sell property of the estate at a private sale free and clear of all liens, claims, rights, and interests pursuant to section 363 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (ii) grant the Trustee authority related to the closing and distribution of the sale proceeds, (iii) allow on a final basis and authorize payment of compensation from the Purchase Price to the Trustee's special counsel, Hirschler, Fleischer, P.C. ("**Hirschler**")

---

[1] The principal address of the Debtor as of the petition date was P.O. Box 7181, Charlottesville, Virginia 22906, and the last four digits of the Debtor's federal tax identification number are 3301.

Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:     (804) 771-5610
Facsimile:      (804) 644-0957
Email:            bfalabella@hirschlerlaw.com
                     kbender@hirschlerlaw.com

*Counsel for Hannah W. Hutman, Chapter 7 Trustee*

in the total amount of **$7,024** consisting of fees in the amount of **$6,825** and costs in the amount of **$199**; and (iv) grant related relief, as follows:

### Jurisdiction and Background

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The predicates for the relief requested herein are §§ 105(a), 363(f), 327, and 330 of the Bankruptcy Code and Rules 6004, 7001, and 9014 of the Bankruptcy Rules.

4. On February 8, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Western District of Virginia, Lynchburg Division (the "**Court**") thereby initiating the above-captioned case (the "**Case**").

5. The Trustee was appointed to serve as Chapter 7 Trustee in the Case and continues to serve in that capacity.

6. On April 4, 2023, the Trustee filed an application to employ Hirschler as special counsel [Docket No. 47] (the "**Application to Employ**") to pursue causes of action and assist the Trustee in her duties on a thirty-five percent (35%) contingent fee of all gross sums collected, plus all costs, as more fully set forth in the Application to Employ.

7. On April 24, 2023, the Court granted the Application to Employ as set forth in the *Order of Employment* [Docket No. 56] (the "**Employment Order**").

### Proposed Sale of the Equipment

8. At the commencement of the Case, the Debtor owned an interest in certain personal property and equipment used in its construction business, consisting of the following:

2

      a.    2000 Hudson Trailer;
      b.    2004 Better Built Trailer;
      c.    2021 Sure Trac Trailer;
      d.    2011 Ford Super Duty; and
      e.    2005 GMC Pickup

(collectively, the "**Equipment**").

9. Pursuant to §541(a) of the Bankruptcy Code, the Debtor's interest in the Equipment became property of the estate upon commencement of the Case.

10. The United States Small Business Administration (the "**SBA**") has a security interest in substantially all the Debtors' assets, however, the SBA did not properly perfect its lien on the Equipment. Louisa County (the "**County**") also has a security interest in the Equipment as a result of personal property taxes due on the Equipment as of the time of closing (the "**Tax Lien**").

11. The Trustee has reached an agreement (the "**Agreement**") with Corner Stone Foundations and Excavating, LLC (the "**Purchaser**"), in which the Trustee will sell the Equipment to the Purchaser for a sale price of $19,500 plus the cost of the personal property taxes associated with the Equipment (the "**Purchase Price**"). A draft of the Agreement is attached hereto as **Exhibit A** (the "**Agreement**").

12. Pursuant to the Agreement, the Purchase Price will be paid within three (3) days of the entry of an order by this Court approving the Motion.

13. Pursuant to § 363(b)(1) of the Bankruptcy Code, the Trustee, after notice and a hearing, may sell property of the estate other than in the ordinary course of business. Pursuant to Bankruptcy Rule 6004(f)(1), the Trustee may sell property not in the ordinary course of business at private sale or public auction.

14. The Trustee further proposes that it sell the Equipment free and clear of all other liens, claims, rights, and interests on or in the Equipment pursuant to § 363(f) of the Bankruptcy Code, and that liens and claims attach to the proceeds of the sale according to the respective priority of the liens & claims.

15. Pursuant to § 363(f) of the Bankruptcy Code, a trustee may sell property of the estate free and clear of an entity's interest in such property other than that of the estate, only if applicable non-bankruptcy law permits sale of such property free and clear of such interest, such entity consents, such an interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, such interest is in bona fide dispute, or such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

16. According to the most recent bill in the Trustee's possession, the County is owed $779.54 on account of its Tax Lien. Pursuant to the Agreement, the Tax Lien will be paid in full from the Purchase Price.

17. The SBA's lien is not properly perfected in that the Equipment is all titled equipment and the SBA neither has physical possession of the titles nor is the SBA's lien noted on the titles to the Equipment. *See* Va. Code Ann. § 46.2-638; *Toyota Motor Credit Corp. v. C.L. Hyman Auto Wholesale*, 256 Va. 243, 246, 506 S.E.2d 14, 15 (1998) ("When a certificate of title is issued which fails to show a lien or encumbrance, it is notice to the world that the property is free from any lien or encumbrance, and if transferred to a bona fide purchaser the latter would obtain a good title."). As a result, the lien is in bona fide dispute pursuant to § 363(f)(4). There are no other known lienholders. Therefore, the Equipment can be sold free and clear of liens pursuant to § 363(f).

18. The private sale outlined herein is reasonable under the circumstances and is in the best interest of the estate. Although a former principal of the Debtor is affiliated with the Purchaser, based on the Trustee's analysis, the Purchase Price is well within the range of the reasonable fair market value of the Equipment and was the product of arms-length negotiations.

19. In addition, a private sale is more beneficial to the estate than sale by auction or other public sale because the marketing costs and commission associated with hiring an auctioneer would yield a lesser benefit to the estate based on the projected values of the Equipment than what is proposed in the Agreement. Given the costs and risks associated with a public auction, the Trustee believes in her business judgment that the Purchase Price is a fair and reasonable price for the Equipment and that the Sale is in the best interest of the Estate.

20. In the Trustee's business judgment, the sale outlined in this Motion is more beneficial to the Debtor's estate and creditors than abandonment of the Equipment or liquidation in any other form.

21. The Trustee also requests the Court's approval (a) to sign and deliver titles to any titled Equipment and (b) for all other such usual and customary documents for the sale and transfer of such assets.

### Request for Allowance and Authorization of Payment of Compensation to Trustee's Counsel

22. The Trustee also requests, pursuant to Sections 327 and 330 of the Bankruptcy Code, final allowance and authorization of payment from the Purchase Price of Hirschler's fees incurred in connection with the proposed sale outlined herein. After analyzing the various sale options, Hirschler was able to recommend the Agreement to the Trustee, which results in a benefit to the estate. Pursuant to the terms of the Employment Order, Hirschler is entitled to receive 35% of the gross sums collected, plus reimbursement for all necessary expenses. At least $19,500 of

the Purchase Price constitutes gross sums collected[2] and thirty-five percent thereof due to Hirschler's efforts results in $6,825.00. There was $199.00 in costs (filing fee) incurred in obtaining approval of the Agreement. Hirschler is thus entitled to receive and requests approval of a total award of **$7,024.00** concerning its efforts with regard to the Agreement that is the subject of this Motion.

23. The list of professionals providing services to the Trustee and a reasonable estimate of the time spent representing the Trustee in this Case is as follows:

| **Professional** | **Title** | **Time Expended (hours)** |
|---|---|---|
| Brittany B. Falabella | Associate | 20.1 |
|  | Partner | 8.4 |
| Eliza J. Unrein | Associate | 9.8 |
| Kollin G. Bender | Associate | 12.1 |
| **TOTAL** |  | **50.4** |

24. Pursuant to Section 330 of the Bankruptcy Code, the Court may award Hirschler reasonable compensation for actual and necessary services performed and costs incurred in this case. For the reasons stated in the Motion, the Trustee believes that the services performed by Hirschler were necessary to the administration of this Case, were performed at a cost and efficiency commensurate with the complexity, importance, and nature of the issues involved, and were undertaken by professionals whose rates are reasonable based upon the customary compensation charged by comparably skilled professionals in matters other than cases under this title.

**WHEREFORE**, the Trustee moves the Court to enter the orders substantially in the form attached as **Exhibit B** (1) granting the Motion in its entirety, (2) authorizing the Trustee to sell the estate's interest in the Equipment at a private sale on the terms set forth herein, free and clear of

---

[2] For purposes of calculating the contingency fee for purposes of compensation, Hirschler has agreed to exclude the property taxes, which are included in the Purchase Price.

6

all liens & claims, with such liens, claims, rights and interests, if any, attaching to the proceeds of the sale in their respective priority, (3) authorizing the Trustee to distribute to the County the property tax due at the time of closing, (4) authorizing the Trustee to distribute to Hirschler $7,024.00 for its services and reimbursement of costs, (5) authorizing the Trustee to sign and deliver the titles to any titled Equipment and/or other usual and customary documents necessary for effectuating the sale of the Equipment, (6) providing that the order approving the proposed sale be effective immediately upon entry, and (7) granting such other relief as is just and proper.

Respectfully submitted,

Dated: May 16, 2024

/s/ *Brittany B. Falabella*
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:    (804) 771-5610
Facsimile:    (804) 644-0957
Email:    bfalabella@hirschlerlaw.com
          kbender@hirschlerlaw.com

*Counsel for Hannah W. Hutman, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 16, 2024, a true and correct copy of the foregoing Motion (including all Exhibits) was served using the Court's ECF system, which thereby caused the Motion to be electronically served on all registered users of the ECF system that have filed notices of appearance in this matter; I further certify that a true and correct copy of the Motion was also served via electronic mail and/or first class mail, postage prepaid, to the following parties:

Dobson Homes, Inc.
P.O. Box 7181
Charlottesville, VA 22906

Office of the United States Trustee
W. Joel Charboneau
210 First Street, Suite 505
Roanoke, VA 24011

Michael E Hastings
Woods Rogers Vandeventer Black PLC
10 S Jefferson Street
Suite 1800
Roanoke, VA 24011
*Counsel for the Debtor*

U.S. Small Business Administration
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, Illinois 62703

Corner Stone Foundations and Excavating, LLC
P.O. Box 6156
Charlottesville, VA 22906

Corner Stone Foundations and Excavating, LLC
Attn: Richard Rasmussen, Registered Agent
250 E. High Street
Charlottesville, VA 22902

Albemarle County Commonwealth's Attorney
410 East High Street
Charlottesville, Virginia 22902

                                                          /s/ *Brittany B. Falabella*

**EXHIBIT A**
**(Agreement)**

## CONTRACT AND BILL OF SALE

THIS CONTRACT AND BILL OF SALE (this "**Bill of Sale**") is made as of May __, 2024 between Hannah W. Hutman, Chapter 7 Trustee (the "**Trustee**") of the Bankruptcy Estate of Dobson Homes, Inc., a company incorporated under the laws of the State of Virginia ("**Debtor**"), and Corner Stone Foundations and Excavating, LLC (the "**Purchaser**").

**WHEREAS**, Trustee intends to sell the equipment and personal property of the Debtor, including those identified in the attached Schedule 1 (the "**Equipment**") to Purchaser and Purchaser intends to purchase such the Equipment from Trustee.

**NOW, THEREFORE**, for good and valuable consideration, the receipt, adequacy and legal sufficiency of which are hereby acknowledged:

1.   Within three (3) business days of the date of entry of the Order Approving Sale of Equipment in the bankruptcy case *In re: Dobson Homes, Inc.*, Case No. 23-60158-RBC, in a form reasonably acceptable to Buyer, by the United States Bankruptcy Court for the Western District of Virginia (the "**Court**"), the Purchaser shall pay sum of $19,500 plus all outstanding personal property taxes due on the Equipment (the "**Purchase Price**") to the Trustee or as otherwise directed by the Court.

2.   Upon receipt of the Purchase Price, the Trustee shall sell, transfer, assign, convey, grant, and deliver to Purchaser, all of Trustee's rights, title and interests in and to all of the Equipment.

3.   Purchaser acknowledges and agrees that the Equipment is being conveyed by Trustee on an "AS IS, WHERE IS" basis, without any representations or warranties by the Trustee, either express or implied.

4.   Nothing expressed or implied in this Bill of Sale is intended to confer upon any person, other than the parties hereto, or their respective successors or assigns, any rights, remedies, obligations or liabilities under or by reason of this Bill of Sale.

5.   Trustee expressly agrees to obtain, execute, acknowledge and deliver such documents and other instruments, and take such other actions, as may be required to evidence or effectuate the sale, transfer, assignment, conveyance, grant and delivery to Purchaser of Trustee's rights, title, and interests in and to all of the Equipment.

6.   This Bill of Sale shall be governed and construed in accordance with the laws of the Commonwealth of Virginia, without regard to principles of conflicts of laws.

7.   This Bill of Sale may be executed in several counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument. Delivery of facsimile or .pdf, or other electronic copies (complying with the U.S. federal ESIGN Act of 2000 (*e.g.*, www.docusign.com)) of signature pages for this Bill of Sale shall be valid and treated for all purposes as delivery of the originals.

**IN WITNESS WHEREOF**, the parties hereto have caused this Bill of Sale to be duly executed and delivered as of the date first written above.

**TRUSTEE:**

**HANNAH W. HUTMAN, CHAPTER 7 TRUSTEE**

By: _____, Trustee
Name: Hannah W. Hutman
Title:  Chapter 7 Trustee

**PURCHASER:**

**CORNER STONE FOUNDATIONS AND EXCAVATING, LLC**

By: _____
Name: SAM PRAIS
Title: MANAGING PARTNER

## Schedule 1

2000 Hudson Trailer
2004 Better Built Trailer
2021 Sure Trac Trailer
2011 Ford Super Duty
2005 GMC Pickup

**EXHIBIT B**
**(Proposed Orders)**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **DOBSON HOMES, INC.,** | ) | Case No. 23-60158-RBC |
| | ) | |
| Debtor.[1] | ) | Chapter 7 |
| | ) | |

**ORDER GRANTING THE MOTION OF THE TRUSTEE FOR
(I) AUTHORITY TO SELL EQUIPMENT OF THE ESTATE AT A PRIVATE
SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, AND INTERESTS
PURSUANT TO 11 U.S.C. § 363 AND BANKRUPTCY RULE 6004;
AND (II) RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Hannah W. Hutman, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Dobson Homes, Inc. (the "**Debtor**"), by her undersigned counsel, seeking authorization granting the Trustee (i) the authority to sell property of the estate, free and clear of all liens, claims, rights, and interests pursuant to 11 U.S.C.§ 363 and Federal Rule

---

[1] The principal address of the Debtor as of the petition date was P.O. Box 7181, Charlottesville, Virginia 22906, and the last four digits of the Debtor's federal tax identification number are 3301.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

of Bankruptcy Procedure ("**Bankruptcy Rule**") 6004, (ii) authority related to the closing, and (iii) related relief; and the Court having considered the pleadings, evidence, and/or arguments of counsel; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and proper notice of the Motion having been provided to all necessary and appropriate parties; and for good and sufficient cause shown, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The Trustee is hereby authorized:

   a. To sell the Equipment free and clear of all liens, claims, rights, and interests pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004, with the Liens and Claims attaching to the sale proceeds to the Purchaser pursuant to the terms of the Agreement;

   b. To distribute to the County from the proceeds of the sale, the property tax due and owing on the Equipment;

   c. To distribute to Hirschler from the proceeds of the sale, the approved compensation in connection with the sale of the Equipment; and

   d. To exercise the requisite authority related to the sale, including but not limited to, the authority to sign and deliver the titles to titled Equipment and other usual and customary documents necessary for closing the sale.

3. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived in its entirety.

2

4.  This Court shall retain jurisdiction to hear and determine all matters arising from and/or related to the interpretation and/or implementation of this Order.

***End of Order***

**WE ASK FOR THIS:**

/s/ *Brittany B. Falabella*
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  804.771.9500
Facsimile:  804.644.0957
E-mail:  bfalabella@hirschlerlaw.com
         kbender@hirschlerlaw.com

*Counsel for Hannah W. Hutman, Chapter 7 Trustee*

**SEEN AND NO OBJECTION:**

*/s/ DRAFT*
W. Joel Charboneau (VSB No. 68025)
Office of the United State Trustee
210 First Street Suite 505
Roanoke, Virginia 24011
Telephone:  540.798.8323
Facsimile:  540.857.2844
E-mail:  Joel.Charboneau@usdoj.gov

*Office of the United States Trustee*

3

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **DOBSON HOMES, INC.,** | ) | Case No. 23-60158-RBC |
| | ) | |
| Debtor.[1] | ) | Chapter 7 |
| | ) | |

**ORDER GRANTING FINAL ALLOWANCE AND AUTHORIZATION
OF PAYMENT OF COMPENSATION TO TRUSTEE'S COUNSEL**

In consideration of the *Motion of Chapter 7 Trustee for (I) Authority to Sell Equipment at a Private Sale Free and Clear of all Liens, Claims, Rights and Interests Pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004; (II) Authority Related to Closing; (III) Final Allowance and Authorization of Payment of Compensation to Trustee's Counsel; and (IV) Related Relief* (the "**Motion**")[2] [Docket No. __ ] seeking, *inter alia*, final allowance and authorization of payment of compensation and expenses from the Purchase Price to the Trustee's special counsel, Hirschler

---

[1] The principal address of the Debtor as of the petition date was P.O. Box 7181, Charlottesville, Virginia 22906, and the last four digits of the Debtor's federal tax identification number are 3301.

[2] All capitalized terms not defined herein shall be given their respective meanings as ascribed to them in the Motion.

Fleischer, P.C. ("**Hirschler**") in the total amount of **$7,024.00** consisting of $6,825.00 in compensation and $199.00 in reimbursement of expenses. Based on the representations of the Trustee made in the Motion and on the Court's judicial notice of matters contained in the record of this Case, the Court finds and concludes that (i) proper notice of the Application has been provided to all necessary parties and no further notice is required; (ii) no objections to the Application have been filed, or if filed, have been resolved, overruled, and/or withdrawn; (iii) the request for compensation and reimbursement of expenses as allowed herein is reasonable and appropriate under the circumstances; (iv) good and sufficient cause exist to grant the Application; and (v) the Application having satisfied the requirements of sections 330 and 331 of the Bankruptcy Code.

Based on the foregoing findings of fact and conclusions of law, and for good and sufficient cause shown; **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED THAT:**

1.  The Motion is **GRANTED** pursuant to the terms of this Order.

2.  Compensation to Hirschler in the total amount of **$7,024.00** consisting of $6,825.00 for fees and $199.00 in expenses incurred in connection with the Agreement for the sale of the Equipment is allowed in its entirety on an interim and final basis.

3.  The Trustee is authorized to pay to Hirschler from the proceeds associated with the sale of the Equipment the amount of **$7,024.00** for fees and expenses incurred in connection with the Agreement.

4.  Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order and the Agreement.

***End of Order***

**I ASK FOR THIS:**

  /s/ *Brittany B. Falabella*
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:     804.644.0957
E-mail:         bfalabella@hirschlerlaw.com
                kbender@hirschlerlaw.com

*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Dobson Homes, Inc.*


**SEEN AND AGREED:**

   /s/ *DRAFT*
W. Joel Charboneau (VSB No. 68025)
OFFICE OF THE UNITED STATES TRUSTEE
210 First Street, Suite 505
Roanoke, Virginia 24011
Phone:         540.798.8323
Facsimile:     540.857.2844
Email:         Joel.Charboneau@usdoj.gov

*Office of the United States Trustee*