**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re: ) | Chapter 11, Subchapter V |
| ) | |
| TOMMY DEWAYNE DOBSON, ) | |
| ANN CHRISTINE DOBSON, ) | Case No. **23-60148** |
| ) | |
| Debtors. ) | |
| ) | |
| WILLIAM E. CALLAHAN, JR., ) | |
| SUBCHAPTER V TRUSTEE, ) | |
| ) | |
| Objecting Party, ) | |
| ) | |
| v. ) | |
| ) | |
| JONATHAN ALEXANDER, ) | |
| LINDA ALEXANDER, ) | |
| ) | |
| Claimants. ) | |

**CHAPTER V TRUSTEE'S OBJECTION TO CLAIM NO. 38-1**

William E. Callahan, Jr., Trustee, Subchapter V trustee in the above captioned Case (the "Trustee"), for his objection (the "Objection") to Claim No. 38-1 filed by Jonathan Alexander and Linda Alexander (collectively, the "Claimants"), states as follows:

**Procedural Background, Jurisdiction & Venue**

1. Tommy Dewayne Dobson and Anne Christine Dobson (collectively, the "Debtors") filed a voluntary petition under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Virginia (the "Court") on February 7, 2023, commencing the captioned case (the "Case"), and elected to proceed in the Case under Subchapter V of Chapter 11.

2. The Trustee is the Subchapter V Trustee appointed in the Case and continues to serve in that capacity in the Case.

1

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), § 157(a) and § 2201(a) and the Order of the United States District Court for the Western District of Virginia dated July 26, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this proceeding pursuant to 28 U.S.C.§1408(1).

### **The Objection to the Claim**

4. On April 18, 2023, the Claimants filed a Proof of Claim in the Case that was designated by the Court as Claim No. 38-1. By the Claim, the Claimants assert a general unsecured claim in the amount of $1,530,523.58 for "breach of contract".

5. The Claimants attached to the Claim an Addendum, in which the Claimants state that the Claimants "entered into a Construction Contract dated December 29, 2020 with Dobson Homes for the construction of improvements on their Property including a residential home in accordance with the Construction Contract and other "Project Documents and allege that the Dobsons "participated in or caused" breaches of the Construction Contract multiple times and made representations".

6. The Trustee objects to the Claim on the grounds that (a) the Claimants have provided no evidentiary support for a finding that the Dobsons had personal obligations under the between the Claimants and Dobson Homes, Inc. or that the Dobsons acted in any capacity other than officers of Dobson Homes, Inc., (b) in fact, the letter from the Claimants attorneys dated February 3, 2023 to Dobson Homes, Inc. and the Dobsons acknowledge that the Dobsons were "officers and agents" of Dobson Homes, Inc. and that the breaches of the contract between Dobson Homes, Inc. and the Claimants were breaches by Dobson Homes, Inc. and not the Dobsons in their personal capacity. The letter further detailed the breaches under the contract between the Claimants and the Dobson Homes, Inc., ascribing those breaches to Dobson Homes, Inc.

("Significant breaches by [Dobson Homes, Inc.] under the Contract also include…"), (c) to the extent that, as the Claimants assert, their claim arose from Dobson Homes, Inc.'s breach of the contract between the Claimants and Dobson Homes, Inc., no claim against either of the Debtors can arise from such a breach of contract., and (d) the Claimants have provided no evidentiary support to assert a claim against the Debtors on any other grounds

7. Pursuant to section 502(b)(1) of the Bankruptcy Code, if an objection to a claim is made, the Court must disallow the claim if such claim is "unenforceable against the debtor and the property of the debtor under an agreement or applicable law."

8. For the reasons stated in this Objection, the Claim should be disallowed in its entirety.

**Notice of Objection & Deadline to Object**

9. The Trustee has given notice of this Objection to the Claimants and of the deadline by which the Claimants must file any response in opposition to the Objection, as reflected in the Notice of Objection to Claim, Deadline to Respond to the Objection and Notice of Hearing (the "Notice") filed with the Court. Such notice fully complies with Federal Rules of Bankruptcy Procedure 3007 and Local Rule 9013-1(M), made applicable to this Objection pursuant to Federal Rule of Bankruptcy Procedure 9007. The notice given is sufficient to provide adequate notice of the Objection, the deadline to respond, and the notice of any hearing to be held to the Claimants. In the event there is no response to the Objection filed with the Court by the deadline set forth in the Notice, the Trustee requests that the Court enter an order granting the relief requested in the Objection and such other relief as the Court may deem proper and just.

WHEREFORE, the Trustee moves the Court to enter an order (a) sustaining the Objection in its entirety, (b) disallowing the Claim in its entire amount, (c) in the event there is no response

to the Objection timely filed by the deadline to do so, cancelling the hearing on the Objection and granting the relief requested herein without a hearing, and (d) granting such other and further relief as the Court may deem just and proper.

        WILLIAM E. CALLAHAN, JR., CHAPTER 7
        TRUSTEE FOR TOMMY DEWAYNE DOBSON
        & ANNE CHRISTINE DOBSON

        By: /s/ William E. Callahan, Jr.
            William E. Callahan, Jr., Trustee

William E. Callahan, Jr., Subchapter V Trustee
10 Franklin Road, S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9309
Facsimile: (540) 983-9400
Email: callahan@gentrylocke.com